## VAUGHN *vs.* HOWARD AND *vice versa.*

CLAIM, FROM WALTON. Wills. Estates. Legacies. Administrators and Executors. Notice. Claim. Costs. (Before Judge Hutchins.)

Blandford, J.—1. Where the second item of a will gave all of testator's lands to his wife for life, " in fee simple," and the seventh item de-

vised certain of the same lands to testator's son, and the rest to his three daughters, the latter item did not defeat the former; but, construing the whole will together, it was the intention of the testator to give his wife a life estate, with remainder to his children.

2. The verdict in this case was right under the evidence.

(a) The court will presume the assent of an executor to a legacy; where he has been discharged, and the life tenant has remained in possession of the land devised for some ten years thereafter.

(b.) The evidence in this case is sufficient to show that one who took a mortgage upon land illegally and wrongfully held had notice of the illegal and wrongful manner in which his debtor obtained the property, or at least was put upon inquiry, and was charged with notice of what he might have discovered by investigation.

3. Where four hundred acres of land were levied on and a claim was interposed thereto, but there was no contest as to the fact that sixty-five acres were subject to the fi. fa., and the claim would have been amended accordingly but for the suggestion of the court that the verdict could be so shaped as not to require the amendment, upon the return of the verdict finding all of the property not subject except the sixty five acres., the claimant was the prevailing party, and it was error to tax the costs of the entire case against him.

Judgment affirmed in main case, and reversed on cross bill of exceptions.

Spearman & Florence; Hillyer & Bro., for plaintiffs.
McHenry & McHenry; Ray & Walker, contra.